ISAAC R. HUGHES, APPELLEE, v. WALTER R. REESE AND MARTHA PRICHARD, ADMINISTRATIX OF THE ESTATE OF JOSEPH PRICHARD, APPELLANTS.

Evidence examined, and *Held*, To sustain the decree of the district court.

APPEAL from the district court for Buffalo county. Heard below before HAMER, J.

*Calkins & Pratt*, for appellants.

*W. L. Greene*, for appellee.

REESE, J.

This action is for the specific performance of a contract for the sale of real estate. The allegations of the petition are, in substance, that on the date of the alleged contract plaintiff purchased of defendant Prichard a quantity of land, containing in all 320 acres. The land in dispute consists of eighty acres held by Prichard under a contract with the Union Pacific Railroad Company, the payments for

which had not all matured. It is alleged that in the purchase this land was valued at $400; the unpaid part of the purchase price due the railroad company to be deducted therefrom and assumed by plaintiff, leaving $225 to be paid Prichard. That at the time of the completion of said contract Prichard made the proper conveyances by which he transferred the other lands to plaintiff, but that by a mistake or oversight, as he claimed, he had omitted to bring with him the contract with the railroad company for the land in question, they having been mislaid, but that he, Prichard, would find them and cause the proper assignment to be made. That plaintiff has at all times been ready and willing to comply with the contract on his part and make the payments due, but that upon demand Prichard has failed and refused to make the transfer of the contracts. That relying upon his purchase he took possession of the real estate and has made valuable, permanent, and lasting improvements thereon. That defendant Reese had full knowledge of his purchase and possession, but that by a fraudulent collusion with Prichard he had assumed and pretended to purchase the land of Prichard and had taken an assignment of the contracts therefor.

The answer of Reese is to the effect that Prichard held the land by contracts with the Union Pacific Railroad Company, and that for a valuable consideration he had in good faith purchased the same and had received the assignment thereof, which had been approved by the railroad company, and that said contracts contained a provision that no assignment thereof should be valid without the consent of the railroad company endorsed thereon in writing. Certain payments to the railroad company are pleaded, and the averments of the petition are denied generally. To this answer plaintiff filed a reply consisting, in substance, of a general denial of its allegations.

The answer of Prichard was in all essential respects similar to that of Reese, with the further averment that the

failure to assign the contracts to plaintiff was owing to his refusal to pay the purchase money, which had been often demanded, and that after waiting more than a year therefor he had in good faith sold the contracts to Reese.

To this answer no reply was filed, but some time thereafter the death of Prichard was suggested of record and the cause was revived against Martha Prichard, the administratrix of his estate, who filed an answer to the petition disclaiming any interest in the subject-matter of the action adverse to either of the other parties, but claimed it as belonging to the estate of Prichard. There appears to have been no effort to establish this claim of ownership. The decree was in favor of plaintiff. Defendant appeals.

In view of the subsequent answer of the administratrix, we must treat the former answer of Prichard as out of the case and dispose of it upon the issues presented by the pleadings filed by plaintiff and defendant Reese.

As we understand the case presented by appellant, it is that the decree is not supported by sufficient evidence. Not that the testimony was conflicting and that the decision of the trial court was against the weight of evidence, but that upon the whole case there was not sufficient shown to entitle plaintiff to the relief sought. We cannot so view it.

There is no doubt but that the land was purchased by plaintiff as alleged in his petition. This is admitted. It must also be said to have been proven with sufficient clearness that at the time of the payment of the money and the execution of the conveyances of the other lands purchased, the only reason assigned by Prichard for the failure to transfer the contract was, that by inadvertence, or for some other reason, he had failed to bring with him to the office where the transfers were made, the contracts upon which the assignments should be endorsed. It was then agreed that the transfer should be made at another time, and $100 of the money paid was given back to plaintiff to be used by him until the proper assignment was made. Plaintiff

then took possession of the land in question, made improvements thereon, and still retains possession; all of which was known to appellant when he made the purchase of Prichard. I quote from his cross-examination as follows:

"I understood that he, Hughes, bought a portion of Prichard's land. I knew the breaking was done, and the well dug, and the stable put up there. I cannot say at what time I talked with Prichard about purchasing this eighty, but some little time before I bought it in the summer he spoke about it, and then I guess nothing was said about it until a day or two before I made the trade. I did not, before or at the time of buying the land, inform Hughes that I talked of buying the place. I made no inquiries to learn if Hughes owned the land only of Prichard, when I got the papers," etc. He resided about a half mile from the land. The improvements spoken of were made upon the land in dispute. It is therefore apparent that appellant Reese was charged with full notice of all the rights of plaintiff and that his purchase was subject thereto.

It is quite clear that, while separate valuations were placed upon the three tracts of land included in the purchase, yet the contract between plaintiff and Prichard for the purchase of the three tracts was an entire contract, and the apparently unexpected absence of the contracts with the railroad company alone prevented its completion on the day the other transfers were made. John H. Roe, who was a witness for plaintiff, testified upon the trial that Prichard and plaintiff came to his office after they had been to the court house to relinquish the pre-emption claim, "that Prichard was to have transferred the contracts to two eighties of railroad land, and he did transfer the contracts to one eighty, and felt in his pockets for the contracts to the other eighty, and seemed surprised not to find them," and the witness continues: "I think he went to another part of the room and looked in his overcoat pocket,

6

and came back and said he must have left the other contract at home in his trunk, and would bring them down the next time he came and assign them.    Then Hughes paid the money.    I know I was making a receipt for a back payment at the time to Hughes.    I counted the money—just $800, including a check for even $600, and the balance in gold."    The witness further testified that some minutes afterwards Prichard stated that he would not need all the money until the next fall, and returned to plaintiff $100, to be used by him until that time.

In consideration of all of these facts and of the fact of the possession by plaintiff of all the land purchased, and the compliance with the terms of the contract on his part, we think he is entitled to the performance thereof.

The decree of the district court is therefore affirmed.

DECREE AFFIRMED.

THE other judges concur.